IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH BURT,

      Petitioner,

v.                                                    Civil no. 5:05-cv-22
                                                      Crim no. 5:01-cr-30(4)
                                                      (Judge Stamp)

UNITED STATES OF AMERICA,

      Respondent.

### REPORT AND RECOMMENDATION

On July 22, 2004, the *pro se* petitioner, Joseph Burt, filed a Motion for Relief from Judgment of Sentence pursuant to Rule 60(b)(6). In the motion, petitioner asserts that his sentence should be reviewed and adjusted pursuant to the United States Supreme Court's decision in Blakely v. Washington, 524 U.S. 296 (2004).[1] On August 23, 2004, the Honorable, Frederick P. Stamp, Jr., United States District Judge, notified petitioner that the Court intended to recharacterize his motion as one filed pursuant to 28 U.S.C. § 2255. Accordingly, pursuant to Castro v. United States, 540 U.S. 375 (2003) and United States v. Emmanuel, 288 F.3d 644, 649 (4th Cir. 2002), the court warned petitioner of the effects of such recharacterization and advised

---

[1] Blakely, as an extension of Apprendi v. New Jersey, 530 U.S. 466 (2000), holds that "when a judge inflicts punishment that the jury verdict alone does not allow, the jury has not found all the facts which the law makes essential to the punishment, and the judge exceeds his proper authority." The Supreme Court has applied this holding to the federal sentencing guidelines. United States v. Booker, 543 U.S. 220 (2005). In Booker, the Supreme Court held that the mandatory sentencing guidelines violated a defendant's Sixth Amendment right to a jury trial because a judge, not a jury, determines facts which could increase the defendant's sentence beyond the sentence which could be imposed based on jury fact finding. Accordingly, the Court severed the unconstitutional provisions from the Sentence Reform Act, made the guidelines advisory, and established an unreasonableness standard of review for sentences on appeal. Thus, the petitioner's Blakely claim is now a Booker claim.

petitioner as to the requirements of § 2255.  See Doc. 486.  Additionally, petitioner was given the opportunity to consent to the recharacterization of his motion or to proceed as filed.  Id.  On August 31, 2004, petitioner elected to have his motion converted to a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  See Doc. 487.  On February 28, 2005, petitioner's case was recharacterized accordingly.

On June 9, 2005, this case was referred to the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.  Thus, on January 6, 2006, I directed the respondent to file an answer to the petition.  The respondent did so on January 30, 2006.

## I.  Factual and Procedural History

### A.  Conviction and Sentence

On February 6, 2002, petitioner pled guilty to Count One of the Indictment charging him with conspiracy to distribute crack cocaine in violation of Title 21, United States Code, § 846.  On April 8, 2002, petitioner was sentenced to 148 months imprisonment.  Subsequently, the government filed a motion to reduce the petitioner's sentence for substantial assistance.  That motion was granted and petitioners' judgment and commitment order was amended to 128 months imprisonment on April 14, 2003.

### B.  Appeal

Petitioner did not file a direct appeal of either his conviction and original sentence or his amended sentence.

### C.  Federal Habeas Corpus

The petitioner asserts that he was never sentenced upon facts either knowingly admitted or reflected in a jury verdict.  Therefore, pursuant to Blakely, now Booker, his sentence violates

2

his Sixth Amendment right to a jury trial. Accordingly, petitioner requests that his sentence be reviewed and adjusted.

## II. Analysis

In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ["AEDPA"] was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255.

The limitation period shall run from the last of:

1. The date on which the judgment of conviction becomes final;

2. The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3. The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;[2] or

4. The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

The undersigned recognizes that pursuant to United States v. Sosa, 364 F.3d 507 (4th Cir. 2004) and Hill v. Braxton, 277 F.3d 701, 707 (4th Cir. 2002), notice must be given to a petitioner when the Court intends to dismiss his § 2255 motion as being untimely, unless the petitioner can demonstrate otherwise. However, "Hill leaves open the possibility that district courts could dispense with notice if it is 'indisputably clear' that the motion is untimely and cannot be salvaged through tolling." Sosa, at 511.

---

[2] The one-year statute of limitation period under this subsection runs from the date on which the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made retroactive. Dodd v. United States, ____ U.S. ____, 125 S.Ct. 2478 (2005).

3

Here, the petition is clearly untimely. Petitioner's original judgment and commitment order was entered on April 10, 2002. Because petitioner failed to file a direct appeal of his original sentence, his conviction became final on April 20, 2002, ten days after entry of his criminal judgment. See Fed.R.App.P. 4(b)(1). Therefore, under AEDPA, petitioner had until April 20, 2003, to timely file a § 2255 motion. The petitioner did not file his § 2255 motion until July 22, 2004, more than one year after the statute of limitations had expired.

Alternately, petitioner's judgment and commitment Order was amended on April 14, 2003. Thus, his amended judgment became final on April 24, 2003 and petitioner had until April 24, 2004 to timely file a § 2255 motion challenging his amended judgment. Either way, the petitioner's § 2255 motion, filed July 22, 2004, is untimely under subsection 1.

It appears that petitioner's only available argument lies in subsection 3 because his petition raises a right within one-year from the date on which that right was initially recognized by the Supreme Court .[3] However, even that argument is unavailing. The Fourth Circuit has found that Booker is not retroactively applicable to cases on collateral review. See United States v. Morris, 429 F.3d 65 (2005). Thus, petitioner's Blakely/Booker claim does not save his § 2255 motion and the petition should be dismissed as untimely.

## III. Recommendation

The undersigned recommends that the Court enter an Order **DENYING** the petitioner's § 2255 motion and **DISMISSING** the case with prejudice.

Any party may file within ten (10) days after being served with a copy of this

---

[3] There is no evidence that the Government created an impediment to petitioner filing a timely § 2255 motion or that petitioner's motion is based on new facts. Thus, subsections 2 and 4 of § 2255 are not applicable to this case and will not be addressed in more detail.

Recommendation with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: April 25, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE