IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

JOSEPH BURT,

    Petitioner,

v.　　　　　　　　　　　　　　　　Civil Action No. 5:05CV22
　　　　　　　　　　　　　　　　　Criminal Action No. 5:01CR30-04
UNITED STATES OF AMERICA,　　　　　　　　　　　　　　(STAMP)

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On July 22, 2004, Petitioner filed a Motion for Relief from Judgment of Sentence pursuant to Rule 60(b)(6).  In the motion, petitioner asserts that his sentence should be reviewed and adjusted pursuant to the United States Supreme Court's decision in Blakely v. Washington, 524 U.S. 296 (2004).  On February 25, 2005, the Court with consent of the petitioner recharacterized the motion as one filed pursuant to 28 U.S.C. §2255.  On June 9, 2005, this case was referred to United States Magistrate Judge James E. Seibert for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq.  Magistrate Judge Seibert entered an order on January 1, 2006 directing the government to respond to petitioner's §2255 motion.  On January 30, 2006, the government filed a response. On April 25, 2006, the magistrate judge entered a report recommending that the petitioner's § 2255

motion be denied as untimely.  The magistrate judge advised the parties that any party may file written objections to his proposed findings and recommendations within ten days after being served with a copy of the magistrate judge's recommendation.  Petitioner did not file any objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made.  However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right to de novo review is waived.  See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califono, 468 F. Supp. 825 (E.D. Cal. 1979).  Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II.  Discussion

In his §2255 motion, petitioner contends that his sentence should be reduced. He asserts that pursuant to Blakely v. Washington, 524 U.S. 296 (2004),[1] the offense level in which he was

---

[1] As noted by the magistrate judge in his report, petitioner's reliance on Blakely is more appropriately placed on United States v. Booker, 543 U.S. 220 (2005).  In Booker, the Supreme Court applied the holding of Blakely to the federal sentencing guidelines.

2

placed at sentencing should have been level 21 rather than level 29. Petitioner argues that his Sixth Amendment right to a jury trial as enunciated in Blakely was violated because he was sentenced based upon facts neither knowingly admitted nor found by a jury. Thus, petitioner contends that his 128 month sentence[2] should be reduced to a sentence within the guideline range of 57 to 71 months.

In his report, the magistrate judge found that the petitioner's §2255 motion is untimely. Additionally, the magistrate judge found that regardless of any determination about the timeliness of petitioner's motion, the Blakely/Booker line of decision does not apply retroactively to collateral attacks. Under the Anti-Terrorism and Effective Death Penalty Act of 1996, there is a one-year limitation period within which any federal habeas corpus motion must be filed. 28 U.S.C. § 2255. The magistrate judge correctly applied the statue of limitations to the present case and found that the petitioner does not meet any of the following four limitation periods provided in §2255:

The limitation period shall run from the last of:

---

[2] On April 10, 2002, petitioner was sentenced to 148 months imprisonment as a result of his plea of guilty to Count One of an indictment charging him with conspiracy to distribute crack cocaine in violation of 21 U.S.C. §846 . Subsequently, the government filed a motion to reduce the petitioner's sentence for substantial assistance. On April 14, 2003, that motion was granted and petitioners' judgment and commitment order was amended to 128 months imprisonment.

3

1.  the date on which the judgment of conviction becomes final;

2.  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

3.  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

4.  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In this case, petitioner's motion was clearly untimely. Petitioner's original sentence was entered on April 10, 2002 and became final ten days later on April 20, 2002 because petitioner did not file an appeal. See Fed. R. App. P. 4(b)(1). Under subsection 1 of the above statute of limitations, petitioner had until April 20, 2003 to file a timely §2255 motion. Petitioner did not file the instant §2255 motion until July 22, 2004, more than a year after the expiration of the limitations period.

Alternately, if the date that petitioner's judgment of conviction became final is measured instead from the date that petitioner's sentence was amended, petitioner's motion is still untimely. Petitioner's judgment and conviction order was amended on April 14, 2003 and became final on April 24, 2003. Petitioner arguably had until April 24, 2005 to file a §2255 motion. Again,

petitioner did not file his motion until July 22, 2004, three months after even the amended date. Therefore, the magistrate judge correctly determined that petitioner's motion is barred by the statue of limitations as measured under subsection 1 of §2255.

Since there is no evidence that the government created an impediment to petitioner filing a timely §2255 motion or that petitioner's motion is based on new facts, subsections 2 and 4 of §2255 are not applicable to this case. Thus, petitioner's only remaining argument lies under subsection 3. However, as the magistrate judge correctly determined, this argument too is unavailing because the Blakely/Booker cases are not retroactively applicable to cases on collateral review. See United States v. Morris, 429 F.3d 65 (4th Cir. 2005). Accordingly, petitioner's Blakely/Booker claim does not save his §2255 motion and the petition should be dismissed as untimely.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the petitioner's § 2255 motion is hereby DENIED. It is further ORDERED that this civil action be DISMISSED and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir.

1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    September 5, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE